UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIE FERRELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-03169-TWP-MJD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ENTRY DENYING MOTION FOR RECONSIDERATION**

This matter is before the Court on the Government's Motion to Reconsider Disposition of 28 U.S.C. § 2255 Motion (Dkt. 13). The Government asks the Court to reconsider the portion of its June 1, 2022, order granting in part Defendant Willie Ferrell's ("Mr. Ferrell") motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Dkt 11.) For the reasons stated below, the Motion is **denied**.

**I.   DISCUSSION**

In this 28 U.S.C. § 2255 action, Mr. Ferrell sought to vacate his sentence on grounds that he was sentenced without effective assistance from counsel. On May 4, 2022, the Court reviewed the fully briefed motion and determined that while "[m]ost of Ferrell's arguments fail because the acts and omissions of which he complains were reasonable decisions that did not prejudice him" based on "the record before the Court, Mr. Kinnard unreasonably failed to challenge the drug quantities attributed to Ferrell at sentencing, and there is a reasonable probability he would have received a shorter sentence had he done so." (Dkt. 10 at 5.) In a necessarily sealed Order, the Court directed the Government to show cause why Mr. Ferrell should not be resentenced based on counsel's failure to object to the drug quantities attributed to him at sentencing. *Id*. at 9-10. In that Order, the Court specifically noted that the Government "offer[ed] no explanation" for the drug quantities attributed to Mr. Ferrell and that it did not "respond to" this critical issue. *Id.* at 8, 9.

The Court afforded the Government three weeks to respond, and it did not. So on June 1, 2022, the Court granted Mr. Ferrell's Motion to the extent, and for the reasons, discussed in the previous order. (Dkt. 11.) The Court entered Final Judgment, and it will initiate resentencing proceedings in the criminal action. *Id.*; Dkt. 12.

In its Motion to reconsider the order granting Mr. Ferrell's § 2255 motion, the Government states that it failed to respond to the Court's show cause order due to an administrative oversight and seeks seven days to respond to the show cause order. (Dkt. 13.)

Federal Rule of Civil Procedure 59(e) "governs motions to reconsider filed within 28 days of a judgment." *Carter v. City of Alton*, 922 F.3d 824, 826 n.1 (7th Cir. 2019). A Rule 59(e) motion "is granted to correct a manifest error—factual or legal—or to consider newly discovered evidence." *Vesey v. Envoy Air, Inc.*, 999 F.3d 456, 463 (7th Cir. 2021). "Relief under Rule 59(e) is an 'extraordinary remedy reserved for the exceptional case.'" *Id.* (cleaned up) (quoting *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015)).

The Government's Motion to reconsider fails for the following reasons:

First, the Motion misapprehends the basis on which the Court granted Mr. Ferrell's motion. The Government mistakenly perceives that the Court based its ruling "on the government's failure to respond" to the Court's show cause order. (Dkt. 13 at 1.) To the contrary, the Court granted Mr. Ferrell's Motion because it was meritorious based on the record before the Court. In particular, the Court determined that the evidence in the record did not support the drug quantities used to calculate Mr. Ferrell's base offense level, and trial counsel failed to object or bring that error to the Courts attention. *See* Dkt. 10 at 9 ("The parties' submissions indicate that" Mr. Ferrell's counsel unreasonably failed "'to identify and bring to [the] court's attention an error in the court's Guidelines calculations that result[ed] in a longer sentence may constitute ineffective assistance entitling the defendant to relief.'") (quoting *United States v. Jones*, 635 F.3d 909, 916 (7th Cir.

2

2011)). The show cause order gave the Government an opportunity to supplement that record. By failing to respond, the Government left the record unchanged and gave the Court no option but to grant Mr. Ferrell relief.

Second, the Motion does not point the Court to a manifest error or newly discovered evidence. *See Vesey*, 999 F.3d at 463. It instead cites an administrative oversight and does not provide evidence or argument that this is an extraordinary case warranting extraordinary relief. *Id.*

Third, the Government *still* has not provided the Court with a reason why Mr. Ferrell is not entitled to be resentenced based on the drug quantities attributed to him.

The Court granted the Government multiple extensions of time to respond to Mr. Ferrell's § 2255 motion. *See* Dkts. 5, 7. When the Government failed to address a critical issue, the Court offered a second chance. (Dkt. 10.) The Government's Motion to reconsider still does not confront the merits of Mr. Ferrell's § 2255 motion, and appears to be a request for a *fourth* bite at the apple. Accordingly, the Motion must be **denied**.

## II. CONCLUSION

For the reasons stated above, the Government's Motion to Reconsider Disposition of 28 U.S.C. § 2255 Motion, Dkt. [13], is **DENIED**.

**SO ORDERED.**

Date: 6/9/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Willie Ferrell, #15480-028
MILAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. Box 1000
Milan, Michigan  48160

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov